UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

FRIED L.,                                                  Case No. 18-cv-3440 (DWF/DTS)

    Petitioner,

v.                                                         **REPORT AND RECOMMENDATION**

SECRETARY OF HOMELAND
SECURITY, et al.*,*

    Respondents.

_____

    On December 20, 2018 Fried L. filed a Petition for a Writ of Habeas Corpus challenging his continued detention by U.S. immigration officials. Petition ¶¶ 6, 13, Docket No. 1. An Immigration Judge (IJ) had previously granted his application for withholding of removal to South Sudan but had ordered him removed to any country other than South Sudan that will accept him. Oct. 9, 2018 IJ Order, Pryd Decl. Ex. 6, Docket No. 5-6. Fried L. did not appeal. *See* BIA Decision at 1 n.2, Second Pryd Decl. Ex. 7, Docket No. 11-1. The Government appealed the IJ's order granting withholding of removal to South Sudan. Pryd Decl. ¶ 15, Docket No. 5; Docket No. 8-1 (Oct. 25, 2018 Notice of Appeal).

    In its initial response to the habeas petition on February 13, 2019 the Government asserted that the petition was premature because the Government's appeal was still pending. Docket No. 4. On April 17, 2019 the Government filed a supplemental response stating that on March 26, 2019 the BIA had dismissed the Government's appeal of the IJ's order withholding removal to South Sudan. Supplemental Response, Docket No. 10; Second Pryd Decl. Ex. 7 (BIA Decision),

Docket No. 11-1. The Government also described efforts towards removing Fried L. to another country that would accept him. Second Pryd Decl. ¶¶ 4-6, Docket No. 11. In a second supplemental response on July 1, 2019 the Government stated it had released him under an Order of Supervision on June 24, 2019 because it was unsuccessful in its efforts to determine whether he could be removed to another country. Third Pryd Decl. ¶¶ 1-2 and Ex. 8 (Order of Supervision), Docket Nos. 14, 14-1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Fried L. has been released from custody, and his habeas petition is thus moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases). Mootness deprives the Court of jurisdiction in this action.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Fried L.'s Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: July 3, 2019
s/David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).